IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HISCOX DEDICATED CORPORATE
MEMBER LIMITED                                                                           PLAINTIFF

V.                                     NO. 6:18-cv-06100-RTD

SUZAN E. TAYLOR                                                                          DEFENDANT

AND RELATED THIRD-PARTY CLAIMS

AND RELATED COUNTER CLAIMS

## ORDER

Now on this 10th day of December 2019 came on for hearing before the Court: (1) Plaintiff's Motion to Strike Amended Third Party Complaint (ECF No. 35); (2) Defendant's Motion for Entry of Default (ECF No. 37); (3) Defendant's Motion to Dismiss (ECF No. 38); (4) Defendant's Motion to Stay all Proceedings (ECF No. 41); and (5) Plaintiff's Motion to Compel (ECF No. 42). Scott Stirling appeared for Plaintiff, Hiscox Dedicated Corporate Member Limited (Hiscox). Defendant, Suzan E. Taylor, was present in court and represented by her attorneys of record, James W. Christian, Jennifer Haltom Doan, and Cole A. Riddell.

Having considered the pleadings on file in this case, the oral arguments of counsel, and the evidence introduced at the hearing, the Court finds that Plaintiff is a real party in interest under Rule 17 of the Federal Rules of Civil Procedure. In addition, the Court finds there are no indispensable parties who must be joined pursuant to Rule 19. Finally, the Court concludes that the named Insurer on the Policy at issue in this case is "Certain Underwriters at Lloyd's of London." Accordingly, the Court makes its order as follows:

IT IS HEREBY ORDERED that on or before January 10, 2020, Plaintiff shall provide to the Court for *in camera* inspection a list disclosing the identity and place of residence of all Names in Syndicate #33. Said list shall be filed under seal.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Third-Party Complaint (ECF No. 35) should be GRANTED IN PART and DENIED IN PART. The Motion to Strike is GRANTED to the extent that Third-Party Defendants Lloyds of London, Lloyd's of London, Inc., and Lloyd's of London, by and through its agent, Burns & Wilcox, should be and hereby are DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion to Strike is DENIED in all other respects;

Defendant's Motion for Entry of Default by Clerk (ECF No. 37) as to Lloyd's of London, by and through its agent, Burns & Wilcox should be and hereby is DENIED;

Defendant's Motion to Dismiss (ECF No. 38) Pursuant to Rules 12(b)(1) and 17 of the Federal Rules of Civil Procedure should be and hereby is DENIED;

Defendant's Motion to Stay All Proceedings (ECF No. 41) Pending Resolution of Defendant's State Court Complaint should be and hereby is DENIED; and

Plaintiff's Motion to Allow Discovery and to Compel Defendant to Participate in Rule 26(f) Conference (ECF No. 42) should be and hereby is GRANTED. A separate Scheduling Order shall be entered concurrently herewith.

**IT IS SO ORDERED this 12th day of December 2019.**

/s/ *Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**