IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| HISCOX DEDICATED CORPORATE MEMBER LIMITED | | PLAINTIFF/ COUNTER-DEFENDANT |
| v. | Case No. 6:18-cv-06100 | |
| SUZAN E. TAYLOR | | DEFENDANT/ COUNTER-PLAINTIFF |

**MEMORANDUM OPINION**

Before the Court is a Motion for Partial Summary Judgment Regarding Wrongful Rescission and Motion to Exclude by Defendant and Counter-Plaintiff Suzan E. Taylor ("Taylor") (ECF No. 124), a separate Motion for Partial Summary Judgment by Taylor (ECF No. 127), and Motion for Summary Judgment by Hiscox Dedicated Corporate Member Limited ("Hiscox") (ECF No. 129). These matters have been fully briefed and are now ready for consideration. (ECF Nos. 125, 126, 128, 130, 131, 132, 133, 134, 135, 136, 137, 141, 142 and 143).

**I.     Procedural Background**

On October 15, 2018, Plaintiff Hiscox Dedicated Corporate Member Limited filed its complaint against Defendant Suzan E. Taylor and sought judgment declaring that it properly rescinded Taylor's insurance policy due to her alleged material misrepresentations in her insurance application. (ECF No. 1). Alternatively, Hiscox sought declaratory judgment that it does not have an obligation to Taylor pursuant to the Concealment or Fraud condition of Taylor's insurance policy. *Id.* On December 21, 2018, Taylor filed a motion to dismiss Hiscox's complaint for failure to state a claim. However, the Court denied Taylor's motion. (Order, ECF No. 22, filed March 26, 2019). On April 23, 2019, Taylor filed her answer to Hiscox's complaint. (ECF No. 25). In her Answer, Taylor asserted counterclaims against Hiscox for breach of contract, the tort of bad faith, and improper recission. *Id.* On May 7, 2019, Taylor filed a third-party complaint against Lloyd's of London, Lloyd's of London, Inc., and Lloyd's of London by and through its

agent Burns and Wilcox, Ltd. for breach of contract, the tort of bad faith, and improper recission. (ECF No. 26).

On December 10, 2019, the Court held a motions hearing on Hiscox's Motion to Strike Taylor's Amended Third-Party Complaint (ECF No. 35), Taylor's Motion for Entry of Default by Clerk (ECF No. 37), Taylor's Motion to Dismiss (ECF No. 38), Taylor's Motion to Stay (ECF No. 41), and Hiscox's Motion to Compel (ECF No. 42). (ECF No. 54). At that hearing, the Court denied Taylor's third-party complaint against Third-Party Defendants Lloyds of London, Lloyd's of London, Inc., and Lloyd's of London, by and through its agent, Burns & Wilcox. (ECF No. 55). Also, the Court denied the entry of default, denied the motion to dismiss, denied the motion to stay, and granted the motion to compel. *Id.*

On January 30, 2020, Taylor filed a Motion to Amend Third-Party Complaint to add Certain Underwriters at Lloyd's, London ("Underwriters") as party-plaintiff and counterclaim defendant. (ECF No. 67). Taylor also requested leave to amend her counterclaims under Federal Rule of Civil Procedure 15 to add Underwriters as a counterclaim-defendant. *Id.* On February 19, 2020, the Court held another motions hearing. (ECF No. 77). At the hearing the Court denied Taylor's Motion but allowed Taylor time to serve Third-Party Defendants Burns & Wilcox, Ltd., the Corporation of Lloyd's, and the Society of Lloyd's with the First Amended Third-Party Complaint. (ECF No. 78).

On March 18, 2020, Third-Party Defendant Burns & Wilcox filed a Motion to Dismiss. (ECF No. 90). On April 21, 2020, the Court granted the motion. (ECF No. 98). On July 30, 2020, Third-Party Defendants the Corporation of Lloyd's and the Society of Lloyd's filed a Motion to Dismiss (ECF No. 110). On September 14, 2020, the Court granted the motion. (ECF No. 116).

Currently, the remaining claims are the ones asserted by Hiscox against Taylor for declaratory judgment and the counterclaims asserted by Taylor against Hiscox for breach of contract, the tort of bad faith, and improper recission. All other claims have been dismissed.

**II.     Factual Background**

Hiscox is a United Kingdom corporation that is a capital provider to Hiscox Syndicate 33, which is an underwriting syndicate doing business within the Lloyd's of London insurance marketplace. (ECF

2

No. 131, ¶ 1). Through its participation in Syndicate 33, Hiscox subscribed to Policy No. VSRD63494, originally in effect for the period February 8, 2018 to February 8, 2019, which was issued to Taylor for property located at 654 Springwood Road, Hot Springs National Park, Arkansas 71901 ("the Residence") with dwelling limits of $2.6 million and personal property limits of $1.3 million. (*Id.* ¶¶ 2, 4).

Taylor used an independent retail insurance agent, Nicky Hodges of Smith & Company, as her agent to obtain insurance on the Residence in early 2018. (*Id.* ¶¶ 7–8). Hiscox used Burns & Wilcox, Ltd. ("Burns & Wilcox") as their coverholder for the Policy and gave Burns & Wilcox authority to underwrite and bind insurance risks for Hiscox. (*Id.* ¶ 5). Hodges had Taylor complete an industry-standard ACORD application form ("the Application), by Hodges asking Taylor each application question and Taylor providing the answers. (*Id.* ¶¶ 10–12). Hodges then submitted the completed and signed application on February 7, 2018 to Burns & Wilcox.

The Application asked of Taylor, the applicant: "Has applicant had a foreclosure, repossession, bankruptcy or filed for bankruptcy during the past five (5) years?" to which Taylor responded "no." (*Id.* ¶¶ 39–40). However, on February 1, 2018, CitiMortgage had filed foreclosure proceedings on the Residence after six months of missed mortgage payments and letters to Taylor informing her of the loan default and CitiMortgage's decision to foreclose on the Residence. (ECF No. 1-4). In response, Taylor hired an attorney to help her to avoid the foreclosure sale of the home that was scheduled for April 11, 2018. (*Id.* ¶¶ 43–44). As of January 31, 2018, Taylor's counsel was engaged in negotiations with CitiMortgage regarding the default and foreclosure. (*Id.* ¶ 44). Taylor did not disclose this on the Application. Hiscox alleges that, had Taylor disclosed in the Application that there were foreclosure proceedings on the 654 Springwood property, the insurer would not have issued the Policy, as properties in foreclosure are a "prohibited risk" that require a "straight decline" under the applicable Hiscox Syndicate 33 underwriting guidelines. (ECF No. 131-30 at 3).

Taylor also owned a home located at 102 Chelsea Court, Fairfield Bay, Arkansas, which she purchased in 2004. (ECF No. 131, ¶ 52). The mortgagee foreclosed on that home in 2015, and it was sold in a foreclosure sale on February 8, 2016. (*Id.* ¶ 53). However, Taylor did not disclose this foreclosure on

the Application. Underwriters at Burns & Wilcox and Hiscox alleged that they would not have issued the Policy had Taylor disclosed this foreclosure.

At the time of the Application, Taylor had a judgment of $134,665.54 plus interest in favor of Deere Credit, Inc. outstanding against her, and that judgment was still outstanding as of Taylor's deposition on July 19, 2021. (*Id.* ¶¶ 58–63). This judgment was issued in Texas on January 9, 2012. However, Taylor did not disclose this on the Application. Hiscox alleges that, had Taylor disclosed in the Application the outstanding judgment against her, the insurer would not have issued the Policy, as Burns & Wilcox would have submitted the Application to Hiscox Syndicate 33 underwriters for review, and Hiscox Syndicate 33 would have declined to issue the Policy due to the outstanding judgment.

The Application included a question that asked for the applicant to list "any losses, whether or not paid by insurance, during the last 3 years at this or any location?" (*Id.* ¶ 66). Taylor answered "yes" to this question and disclosed a November 20, 2017 fire loss and associated claim to Zurich Insurance Company, but she did not list any other losses. (*Id.* ¶ 67). However, in May 2016, the home at 654 Springwood was broken into by an intruder that cut out a portion of the wall and stole items from Taylor. (*Id.* ¶ 68). Taylor submitted a claim under her 2016 dwelling policy, which she eventually withdrew. Hiscox alleges that had Taylor disclosed in the Application the 2016 burglary loss, the insurer would not have issued the policy on the same terms, as it would have caused the Policy to be written on different terms, including a premium surcharge and/or inclusion of a theft deductible, or the Policy would not have been issued at all.

The Application also included a question that asked: "Has any coverage been declined, cancelled or non-renewed during the last three (3) years?" The Application required an explanation of any "yes" response. (*Id.* ¶ 71). Taylor responded to the question as "yes" in the Application and provided an explanation of "Builders risk policy with American Zurich is nonrenewing on 2/15/2018." *Id.* Taylor did not list any other non-renewals. However, Taylor had a 2016 dwelling policy at 654 Springwood nonrenewed because Burns & Wilcox did not receive confirmation that the construction at Taylor's home was complete, even though it had been ongoing for four years. (*Id.* ¶¶ 73–75). Hiscox alleges that had Taylor disclosed the 2016 non-renewal, the Burns & Wilcox underwriters would have reviewed the

4

circumstances surrounding the non-renewal and their 2017 declination to quote coverage for the residence due to the length of time of ongoing construction and would have required confirmation that construction was complete before providing any quote in 2018.  Hiscox also alleges that since the house was still under construction in 2018, Burns & Wilcox would have declined to provide a quote in 2018 and the insurer would not have issued the Policy.

On August 6, 2018, a fire occurred at the residence, which burned the entire house to the ground. (*Id.* ¶ 26).  A Reservation of Rights letter was then sent to Taylor that reserved Hiscox's rights to disclaim coverage during the pendency of an investigation and reserved Hiscox's right to rescind the policy. (ECF No. 131-28).  Hiscox engaged a Fire Investigator to perform an origin and cause investigation into the fire.  However, the cause of the fire and source of ignition could not be determined due to the extent of the damage.  (ECF No. 131-29 at 5–6).  Underwriters were also investigating potential misrepresentations in the Application and engaged counsel to take an examination under oath of Taylor, which occurred on September 5, 2018.  (ECF No. 131, ¶¶ 32–33).

Upon determining that the Application contained several omissions, Peter Parsons of Hiscox London Market consulted with underwriting personnel at Burns & Wilcox and at Hiscox London Market who asserted that the misrepresentations were material and that the Policy would not have been issued, or issued on the same terms, if Taylor would have provided different answers in the Application.  (*Id.* ¶ 34). On October 15, 2018, Parsons directed the Policy to be rescinded *ab initio* based on the alleged misrepresentations in the Application.  (ECF No. 131-32).  That same day, Minuteman Adjusters issued a Notice of Rescission of Policy letter, which explained that Underwriters were rescinding the Policy *ab initio* due to material misrepresentations in the Application.  (ECF No. 1-5).  The letter also notified Taylor that the premium paid for the policy would be returned.  Further, the letter stated that if the Policy were not rescinded, the claim would be denied pursuant to the Concealment or Fraud condition of the Policy.  The premium was returned to Taylor, but Taylor did not accept it.  (ECF No. 131-26).

### III. Standard of Review

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." *Id.*; *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

When deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### IV. Discussion

As a federal court sitting in diversity, the Court must apply the substantive law of the forum state, i.e., the substantive law of Arkansas. *See Chew v. American Greetings Corp.*, 754 F.3d 632, 635 (8th Cir. 2014). Under Arkansas law, an insurer may rescind an insurance policy for any misrepresentation that is "material," even if such misrepresentation is not related to the loss sustained. *See S. Farm Bureau Life Ins. Co. v. Cowger*, 295 Ark. 250, 748 S.W.2d 332, 336 (1988).

The insurer bears the burden of showing that had it known of the misrepresented facts, "the circumstances were such that it would not have issued the present coverage." *Brooks v. Town & Country*

6

*Mut. Ins. Co.*, 294 Ark. 173, 741 S.W.2d 264, 265 (1987). Notably, "[t]he materiality to the risk of a fact misrepresented, omitted or concealed is a question of fact so long as the matter is debatable. It is a question of law only when so obvious that a contrary inference is not permissible." *Old Republic Ins. Co. v. Alexander*, 245 Ark. 1029, 436 S.W.2d 829, 833 (1969).

Hiscox argues that Arkansas Law allowed them to rescind Taylor's policy because she made five misrepresentations in her application for insurance on the Residence. The alleged misrepresentations are that Taylor did not report on her application that: (1) the 654 Springwood Road residence had foreclosure proceedings instituted against it; (2) she had a foreclosure at 102 Chelsea Court in Fairfield Bay; (3) she has an outstanding Judgment against her for $132,665.54 plus interest; (4) she had a 2016 Burglary Loss at the 654 Springwood Road; and (5) she had a 2016 non-renewal due to ongoing construction at the Residence. In sum, Hiscox argues that had it known of the alleged misrepresentations, it would not have issued the policy to Taylor, at least not on the same terms.

**(A)     654 Springwood Foreclosure**

The parties dispute whether proceedings against Taylor constituted a foreclosure for the purposes of the Application. Arkansas does not have a statutory definition of "foreclosure." However, under Arkansas law, when interpreting the language of an insurance policy or application, "provisions contained in a policy of insurance must be construed most strongly against the insurance company which prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it would be the duty of the court to do so." *U.S. Fid. & Guar. Co. v. Cont'l Cas. Co.*, 353 Ark. 834, 120 S.W.3d 556, 560 (2003) (quoting *Smith v. Prudential Property & Casualty. Ins.,* 340 Ark. 335, 10 S.W.3d 846 (2000)). Further, "[i]f the language in a policy is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two, one favorable to the insured and the other favorable to the insurer, the former will be adopted." *Id.*

The Application asked, "HAS APPLICANT HAD A FORECLOSURE, REPOSSESSION, BANKRUPTCY OR FILED FOR BANKRUPTCY DURING THE PAST FIVE (5) YEARS?" (ECF No. 1-2). A notice of default was filed in Garland County on or about February 1, 2018. (ECF No. 1-4). Taylor

7

alleges that this was a mistake. At the time she was filling out the application, Taylor was in the process of negotiating her home out of foreclosure proceedings. She did not mention this in her application because she believed that it was unnecessary. Ultimately, the home was not foreclosed on, and Taylor maintains ownership in the property.

As a matter of law, the Court finds that the application question was unambiguous. *See Smith*, 340 Ark. 335, 10 S.W.3d at 850 (noting that the existence of an ambiguity is a question of law). The question is unambiguous because the filing of the foreclosure against the Residence obviously constituted a foreclosure. While Taylor's mistake may have been innocent, it does not make up for this oversight. The property was in the process of being foreclosed upon and that fact should have been disclosed on the Application, even if Taylor's plan was to cure her default. For these reasons, Hiscox's motion for summary judgment is granted and Taylor's motion for summary judgment is denied. In addition, Taylor's counterclaims against Hiscox are dismissed with prejudice. Accordingly, Taylor's motion to exclude is denied as moot.

**(B)     102 Chelsea Court Foreclosure, $132,665.54 Judgment, 2016 Burglary Loss, and 2016 Non-renewal**

The parties do not dispute that Burns & Wilcox was acting as Hiscox's agent when underwriting the policy. However, Hiscox cites *Countryside Cas. Co. v. Orr*, 523 F.2d 870 (8th Cir. 1975) and argues that "Arkansas law is clear that an insurer may accept and rely on the answers in an application as truthful, and has no duty to investigate those answers, including an investigation of prior dealings with an insured." (ECF No. 133 at 12). In *Countryside*, the Court found that the insurance company had no prior knowledge of the insured's record. 523 F.2d at 873.

Here, based on the record, it appears that Taylor has a long history with Burns & Wilcox. There are several indications that Burn & Wilcox did have prior knowledge of Taylor's record. Taylor lists four separate facts that assert that Burns & Wilcox had knowledge: (1) that Taylor's home at 102 Chelsea, Fairfield Bay, Arkansas had been foreclosed on due to a communication in 2014 from Taylor's insurance agent that Bank of America was foreclosing on the property and wanted a hail claim made on a policy that

8

Burns & Wilcox served as a coverholder for a different insurer (see ECF No. 130 ¶ 3.6); (2) that Burns & Wilcox knew of the non-renewal of Taylor's 2016 dwelling policy at 654 Springwood because it issued the non-renewal (Id. ¶ 3.7); (3) that Burns & Wilcox knew of the theft loss suffered by Taylor because it was notified of that claim under a prior policy in 2016 (Id. ¶ 3.8); and (4) that Burns & Wilcox learned from an inspection report after issuance of the Policy that the home was potentially over-insured. (*Id.* ¶ 3.9.) There were also policies issued to Taylor after the judgment filed against her in 2012.

Viewing the facts in a light most favorable to the nonmovant, Taylor, it appears that there may be a genuine dispute of a material fact as to whether Hiscox, by and through its agent Burns & Wilcox, knew about this information omitted from Taylor's application. As a result, there may also be a genuine dispute of material facts as to whether the alleged misrepresentations were material. However, in light of the Court granting Hiscox's motion for summary judgment on the omission of the foreclosure at the Residence, this finding is irrelevant, and Plaintiff's motion is denied as moot.

V.   **Conclusion**

For the reasons stated above, the Court finds that Taylor's Motion for Partial Summary Judgment Regarding Wrongful Rescission and Motion to Exclude (ECF No. 124) should be and hereby is **DENIED**, that Taylor's Motion for Partial Summary Judgment (ECF No. 127) should be and hereby is **DENIED**, that Hiscox's Motion for Summary Judgment (ECF No. 129) should be and hereby is **GRANTED,** and that Taylor's counterclaims are **DISMISSED WITH PREJUDICE**. A judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED** this 7th day of October 2021.

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**